UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
JOHN S. BLACK,                      )
                                    )
        Plaintiff                   )
                                    )
        v.                          )
                                    ) CIVIL ACTION
MICHAEL J. ASTRUC, COMMISSIONER     ) NO. 09-10804-WGY
OF THE SOCIAL SECURITY              )
ADMINISTRATION,                     )
                                    )
        Defendant.                  )
_____
```

MEMORANDUM AND ORDER

YOUNG, D.J.                                           July 30, 2010

**I.    INTRODUCTION**

John S. Black seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying Black's claim for Social Security Disability Insurance Benefits ("SSDIB") and Supplemental Security Income payments ("SSI"). Black argues that the Commissioner's decision should be reversed because the hearing officer failed to consider the medical opinion of Black's treating physician. The Commissioner moves for an order affirming his final decision.

**A.    Procedural Posture**

Black applied for SSDIB and SSI on August 29, 2006, alleging disability since January 1, 2006. Administrative Record ("Adm. R.") 100, 106. Black's applications were denied by the Social

1

Security Administration (the "Administration") initially on January 25, 2007, and upon reconsideration on November 9, 2007. Id. at 47-56.  On January 9, 2008, the Administration received Black's request for a hearing.  Id. at 66.  The hearing was held in Boston, Massachusetts on October 15, 2008, and the hearing officer denied benefits in a decision dated December 16, 2008. Id. at 18, 19.  The Decision Review Board denied Black's request for review on March 17, 2009, and adopted the decision of the hearing officer as the Commissioner's final decision.  Id. at 1-5.

Black then filed a Complaint [ECF No. 1] in this Court on May 15, 2009 and a Memorandum in Support of Complaint on September 21, 2009 [ECF No. 8].  On October 27, 2009, the Commissioner filed a Motion for an Order Affirming the Decision of the Commissioner [ECF No. 9] and an accompanying Memorandum [ECF No. 10].

**B.   Facts**

   1.   Background

Black was born on September 22, 1950.  Adm. R. 16.  He has at least a high school education, is able to communicate in English, and previously worked as a photographer.  Id.  Black has been diagnosed with thoracic and lumbar degenerative disc disease and asthma.  Id. at 14.  Black alleges that his disability began on January 1, 2006, due to lung disease, shortness of breath,

asthma, dizziness, and back pain. Id. at 53. He has not worked since that date. Id. As a result, Black applied to the Administration for SSDIB and SSI.

On January 25, 2007, the Administration determined that Black was able to be on his feet most of the day and his asthma did not keep him from doing his usual activities, and concluded that Black was able to perform his past work. Id. at 57. Black then appealed to a federal reviewing official (the "reviewing official"), who considered additional medical evidence and gave significant weight to the opinion of John Jao, M.D., a state agency medical expert who had reviewed all of Black's medical records. Id. at 54-55. The reviewing official concluded that while Black's asthma and degenerative disc disease were severe, medically determinable impairments, Black had the residual functional capacity to perform his past relevant work as a photographer. Id. Black appealed the reviewing official's decision to the hearing officer.

    2.    The Hearing Officer's Decision

At the hearing on October 15, 2008, Black and Robert G. Lasky, an impartial vocational expert, testified. Id. at 11. At the time of the hearing, Black requested permission to submit additional written evidence after the hearing. Id. The hearing officer admitted the additional evidence - a letter from Black's treating physician, Martha Karchere, M.D. - into the record as

Exhibit 14F when it was submitted after the hearing date.  Id. at 11, 453.  The hearing officer then rendered his decision on December 16, 2008, and made the following findings according to the five-step evaluation rubric pursuant to 20 C.F.R. § 404.1520, discussed infra in Section II.B.  See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

At the first step, the hearing officer found that Black had not engaged in substantial gainful activity since January 1, 2006, the alleged onset date of his disability.  Adm. R. 13.  Second, he found that Black's thoracic and lumbar degenerative disc disease and asthma constituted severe impairments.  Id. at 14.  At the third step, the hearing officer found that Black's impairments did not medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.  Fourth, the hearing officer found that Black had the residual functional capacity to perform a full range of light work, including photography.  Id. at 14-16.  At this step, the hearing officer reasoned that the limitations to which Black testified were not well-supported in the record, noting that Black had received relatively benign treatment for his alleged back pain and breathing impairments, and that "none of [Black's] treating physicians have offered an opinion regarding his medical impairments, symptoms or resulting limitation that would preclude working at the light exertional level."  Id. at 15-16.  At step

4

five, the hearing officer adopted the opinion of the vocational expert, who testified that based on Black's age, education, work experience, residual functional capacity, and skills, Black could perform the full range of light, skilled work, including a receptionist job.  Id. at 17.  Therefore, the hearing officer concluded that Black was not under a disability as defined by the Social Security Act.  Id.

## II. ANALYSIS

### A. Standard of Review

Under 42 U.S.C. § 405(g), a district court has the power to affirm, modify, or reverse a decision of the Commissioner of Social Security.  The district court must make its decision based on the pleadings and transcript of the record before the Commissioner, and "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g); see Manso-Pizarro v. Sec'y of Health & Human Servs., 76 F.3d 15, 16 (1st Cir. 1996).  Thus, a court must uphold the Commissioner's findings if "a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

**B.   Social Security Disability Standard**

An individual is considered disabled if she is "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Administration has promulgated a five-step sequential analysis to determine whether a claimant is disabled.  See 20 C.F.R. § 404.1520.  The hearing officer must determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or medically equals an impairment listed under 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity to perform his past relevant work; and (5) whether the impairment prevents the claimant from doing any other work considering the claimant's age, education, and work experience.  Id.

The claimant bears the burden in the first four steps to show that he is disabled within the meaning of the Act. Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 7 (1st Cir. 1982) (citing Sherwin v. Sec'y of Health & Human Servs., 685 F.2d 1, 2 (1st Cir. 1982)).  Once the claimant has established that she is unable to return to her former employment, the burden

shifts to the Commissioner to prove the fifth step, that the claimant is able to engage in substantial gainful activity that exists in significant numbers in the national economy.  Id.

**C.   The Merits**

Black was determined not to be disabled under the meaning of the Act at Steps 4 and 5, where the hearing officer found that Black possessed the residual functioning capacity to return to his past relevant work as a photographer at the light level or to perform other light jobs in the national economy, such as that of a receptionist.  Black's main contention on appeal is that the hearing officer failed to consider the medical opinion of Black's treating physician, which was submitted after the hearing and entered into evidence as Exhibit 14F.[1]  Black argues that the

---

[1] Dr. Karchere's letter states in relevant part:

> John Black has been a patient at Manet Community Health Center since 1995. . . .
>
> [W]ithin the last 2 years, both his back pain and asthma have become more severe.  John's peak flow, a measurement of lung capacity, has been significantly decreased on 2 out of 3 visits to the health center over the last year. His back pain became much more severe after a prolonged photographic shoot and has been unresponsive to a series of epidural injections at the Pain Clinic . . . .
>
> He has told me that he doesn't feel that he can work full-time as a photographer because of his back pain. His asthma is definitely worse and while I think he compensates for this by decreasing his activities, I think it will effect [sic] his ability to do any kind of work requiring physical endurance.

7

hearing officer's failure to give controlling weight to Dr. Martha Karchere's letter violates Social Security Regulation 96-2p, which states in part that "[i]f a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight."  Pl.'s Mem. Supp. Compl. 3, ECF No. 8 (citing Regulation 96-2p).  Although Dr. Karchere's letter was admitted into evidence and made part of the record, Black alleges that the hearing officer failed to review this medical opinion.  Id. at 2-3 (citing Adm. R. 15).

   The Social Security Regulations speak directly to the consideration of medical opinions.  "In deciding whether [the claimant is] disabled, [the Commissioner] will always consider the medical opinions in [the] case record," 20 C.F.R. § 404.1527 (a)(2)(b), "[r]egardless of the source," id. § 404.1527(d)(2).  If the opinion of a claimant's treating physician "on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence," the Commissioner "will give it

---

> I will ask this patient to go to pulmonary rehabilitation and I will ask him also to see a physiatrist.  I am not confident at this point that they will be able to return him to reliable, good physical health.

Adm. R. 453.

controlling weight." Id. § 404.1527(d)(2). This is because treating physicians "are likely . . . most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone." Id.

In cases where a treating physician's opinion is not given controlling weight, the Commissioner must determine the amount of weight to give to such an opinion based on: the length of the treatment relationship, the nature and extent of the treatment relationship, the amount of relevant evidence cited to support the opinion, the consistency of the opinion with the record as a whole, and the specialization of the physician. Id. In such situations, the Commissioner must "give good reasons in [the] notice of determination or decision for the weight [given to the] treating source's opinion." Id.

Here, the hearing officer failed to follow the above mandates. While he allowed Black to submit Dr. Karchere's letter after the hearing, the written decision seems to suggest that the hearing officer never reviewed or considered this letter in determining that Black was not disabled. As Black points out, the hearing officer writes in his decision that "the claimant's treating physician, Martha Karchere, MD has not completed a Medical Source Statement **or any other opinion** regarding the

9

claimant's impairments and resulting limitations," Adm. R. 15 (emphasis added), and that "none of the claimant's treating physicians have offered an opinion regarding his medical impairments, symptoms or resulting limitation that would preclude working at the light exertional level," id. at 16.

In response, the Commissioner argues that there is no requirement that a hearing officer "expressly refer to each document in the record, piece-by-piece," Rodriguez v. Sec'y of Health and Human Servs., 915 F.2d 1557, 1990 WL 152336, at *1 (1st Cir. 1990) (unpublished table decision). The hearing officer here, however, did not merely fail to mention a piece of evidence in the record, but rather affirmatively denied reviewing any medical opinion from Black's treating physician. In doing so, the hearing officer disregarded the requirement that he consider medical opinions from any source and that he expressly identify the amount of weight attributed to a treating physician's opinion.

Nevertheless, the Commissioner argues that remand is inappropriate because Dr. Karchere's opinion as contained in the letter does not deserve controlling weight. The Commissioner points out that Dr. Karchere's letter does not quantify Black's functional limitations with respect to his ability to do work-related activities such as sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking, or traveling – the

information essential to the Step 4 residual functional capacity assessment.  Def.'s Mem. Supp. Mot. Order Affirming Decision ("Def.'s Mem.") 5, ECF No. 10 (citing 20 C.F.R. § 404.1513(c)(1)). The Commissioner also contends that Dr. Karchere's opinion is not entitled to controlling weight because it "appears unsupported by objective medical evidence" and is "inconsistent with other substantial evidence in the record," such as the residual functioning capacity opinion of Dr. John Jao, a non-examining physician.  Def.'s Mem. 9-10.

Although Dr. Karchere's opinion does not specifically quantify Black's ability to perform particular work activities, she does write that Black's back pain and asthma have become more severe within the last two years; that his back pain is unresponsive to epidural injections; and that his severe asthma would affect "his ability to do any kind of work requiring physical endurance."  Adm. R. 453.  Such statements may figure into the hearing officer's determination of Black's residual functioning capacity.  Moreover, determinations regarding the consistency of and the amount of objective evidence supporting a treating physician's medical opinion must be made by the hearing officer explicitly.

Further, even were Dr. Karchere's medical opinion undeserving of controlling weight, the Social Security Regulations require the hearing officer to consider the treating

11

physician's opinion, expressly determine the amount of weight to attribute to it based on the factors outlined above, and give good reasons in the decision for the weight attributed to the opinion.  20 C.F.R. § 404.1527(d)(2).  Because the hearing officer in this case failed to follow these procedures, it is impossible for the Court to determine whether he neglected to consider Dr. Karchere's letter at all or whether he found it undeserving of great weight because it was inconsistent with substantial evidence in the record.

The Commissioner also contends that remand is inappropriate here because the hearing officer's decision was nonetheless based on substantial evidence.  As the Second Circuit has stated, "[w]here there is a reasonable basis for doubt whether the [hearing officer] applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).  Thus where, as here, the hearing officer fails to follow the proper legal standard, the Court will not utilize the substantial evidence test to uphold the decision.[2]

---

[2] The Court notes that in light of the vague nature of Dr. Karchere's opinion, the evidence in the record supporting the

12

Therefore, the Court remands this case to the Commissioner so that the hearing officer expressly may review the medical opinion contained in Dr. Karchere's letter, make explicit findings as to the amount of weight attributable to this opinion, and give reasons supporting such finding.

## III. CONCLUSION

For the reasons stated above, the hearing officer's decision is vacated and the case is remanded.  Accordingly, the Court GRANTS Black's request for remand [ECF No. 1] and DENIES the Commissioner's motion for an order affirming the decision of the hearing officer [ECF No. 9].

SO ORDERED.

By the Court,

/s/ William G. Young

WILLIAM G. YOUNG
DISTRICT JUDGE

---

hearing officer's residual functioning capacity assessment, and the hearing officer's decision that Black could at least return to the most restrictive category of sedentary work as a receptionist, it is unlikely that Dr. Karchere's opinion will greatly affect the outcome of Black's disability application.  In social security cases, however, it is the duty of the Court to "determin[e] whether the [hearing officer] used the proper legal standard" and to "avoid reinterpreting the evidence or substituting its own judgment for that of the Commissioner." Colon v. Comm'r of Soc. Sec., 245 F. Supp. 2d 395, 398 (D.P.R. 2003).